IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lacey Leroy McClam, Jr., ) | Civil Action No. 4:13-cv-01396-TLW |
| ) | Criminal No. 4:07-cr-1277-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Lacey Leroy McClam, Jr. ("Petitioner"). Doc. #186. For the reasons stated below, the Court dismisses the petition.

**I. Factual and Procedural History**

Petitioner was convicted in a jury trial for armed robbery in violation of 18 U.S.C. § 1951(a) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). See Doc. #96. Petitioner was sentenced to 276 months of imprisonment. Doc. #125. Thereafter, Petitioner's trial counsel Kirk Truslow ("Truslow") filed an Anders brief asserting that there were no meritorious grounds for appeal but questioning the sufficiency of the evidence and reasonableness of the sentence. United States v. McClam, 417 Fed. Appx. 281, 282 (4th Cir. 2011). In questioning the sentence, Truslow specifically suggested that the District Court erred by relying on acquitted and uncharged conduct to support an upward departure and variance. Id. Petitioner filed a pro se supplemental brief, asserting that the District Court

1

procedurally erred by including the consecutive sentence on the § 924(c) count in establishing the guideline range. Id.

On appeal, the Fourth Circuit Court of Appeals found that the District Court procedurally erred in establishing the starting point for the departure or variance. Id. at 283. The Fourth Circuit affirmed Petitioner's convictions, vacated the sentence, and remanded the case to the District Court for resentencing. Id. On remand, the District Court sentenced the Petitioner to 192 months for the armed robbery conviction and 84 months for the possession of a firearm in furtherance of a crime of violence conviction, for a total of 276 months. Doc. #161. At the resentencing, the District Court explained its upward departure by citing Petitioner's acquitted robberies, acquitted 924(c) charges, and uncharged conduct. See Doc. #201 at 2.

On May 23, 2013, Petitioner filed the present motion to vacate pursuant to 28 U.S.C. § 2255. Doc. #186. Following the Court's grant of an extension of time, Doc. #191, Petitioner filed a memorandum in support of his claims, Doc. #193. Truslow filed an affidavit in response to the Petitioner's § 2255 motion on August 1, 2013. Doc. #200. Thereafter, the Government filed a Motion for Summary Judgment and Memorandum in Support on August 15, 2013. Docs. #201, 202. Petitioner filed a response in opposition to the Motion for Summary Judgment on September 24, 2013. Doc. #209. The matter is now ripe for decision.

## II.   28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the

sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). The Leano court noted that this standard is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

### III. Standard of Review

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #201, 202). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-23.

### IV. <u>Analysis of Claims</u>

Through his § 2255 motion and related filings, Petitioner asserts fourteen claims for relief. <u>See</u> Docs. #186, 193, 197, 209. Grounds 1 through 13 are separately numbered and delineated in Petitioner's § 2255 motion, Doc. #186-1; and the Court treats as Ground 14 the Plaintiff's allegations arising out of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), which appear in the Petitioner's Response in Opposition to Summary Judgment, Doc. #209. These fourteen grounds are, as expressed by the Plaintiff:

(1)   "Counsel was ineffective for failing to raise object [sic] to the suggestive 'in court identification' of McClam when the identification testimony was tainted by law enforcement and was sufficiently lacking indicia of reliability appellate counsel

4

failed to challenge this issue of direct appeal[.]" Doc. #186 at 4 (all-caps removed from original).

(2) "Counsel failed to object to jury instructions that are inconsistent with Bailey v. United States 116 S.Ct. 501[.]" Id. (all-caps removed from original).

(3) "Defense counsel was ineffective for failure to file and place on direct appeal issues of error using acquitted conduct[.]" Id. at 5 (all-caps removed from original).

(4) "The Government witness Antoine Howard threatened McClams perspective witnesses denying McClam compulsory process[.]" Id. (all-caps removed from original).

(5) "Petitioner states that counsel was ineffective for failure to investigate prospective witnesses before trial and investigate the identification testimony and other exculpatory impeachment evidence, specifically, that the blue Cadillac was not Lacey McClams[.]" Doc. #186-1 at 1 (all-caps removed from original).

(6) "Petitioner states that defense counsel was ineffective for failure to file a motion to sever the offenses because of the prejudicial effect of the joined offense(s) of which Petitioner was acquitted, creating a prejudicial misjoinder[.]" Id. (all-caps removed from original).

(7) "Petitioner states that his trial was prejudiced upon other crimes evidence which violated Federal Rules of Evidence Rule 404(b) thereby violating the Petitioner's right to self incrimination under the Fifth and Fourteenth Amendments[.]" Id. (all-caps removed from original).

(8) "The District Court erred and violated Title 18 United States Code, Section § 3553(a) factors when it considered rehabilitative issues in regards to an upward departure of seven levels[.]" Id. at 2 (all-caps removed from original).

(9) "Petitioner states the enhancement under 2K2.1(b)(5) or (6) was inappropriate double counting and impermissible under Amendment 599 of the United States Sentencing Guidelines." Id. (all-caps removed from original).

(10) "Petitioner states that the multiple gun enhancements attributed to him was [sic] clearly erroneous and prejudicial to Petitioner's sentencing exposure because only one weapon was allegedly used, carried and or possessed by the petitioner." Id. (all-caps removed from original).

(11) "The Petitioner avers that the District Court constructively amended the indictment when the indictment and charges was altered literally and in effect after the Grand Jury has last passed upon it because McClam was charged as a principle, not as an aider and abetter and the District Court changed the

|      |      |
|------|------|
|      | identification of the charge not charged in the indictment constituting a constructive amendment." <u>Id.</u> at 3 (all-caps removed from original). |
| (12) | "The Petitioner states that defense counsel was ineffective for failing to request a <u>Pinkerton</u> instruction[.]" Doc. #186-1 at 3 (all-caps removed from original). |
| (13) | "Petitioner states that his defense counsel was ineffective for failure to request an identification instruction under the <u>Holley-Telfaire</u>, instructions or it's [sic] substantial equivalent. <u>United States v. Holley</u>, 502 F.2d 273 (4th Cir 1974)1 <u>United States v. Telfaire, 1</u>52 U.S. App D.C. 146 F.2d 552, 555 <u>n.</u> 5 (1972) [sic]." Doc. #186-1 at 3 (all-caps removed from original). |
| (14) | "There is no genuine issues of material fact in dispute that counsel was ineffective for failure to object to the jury instructions on the Title 18 United States Code, Section § 924(c) counts and now in light of <u>Alleyne v. United States</u>, Sup Ct. No.; 11-9335, June 17, 2013 a new trial is warranted[.]" Doc. #209 at 10 (all-caps removed from original). |

In each of his claims, Petitioner asserts that Truslow provided ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." <u>Id.</u> at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. <u>Id.</u> at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that none of Petitioner's ineffective assistance claims should survive summary judgment.

With respect to counsel's performance on direct appeal, "appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To provide effective assistance of counsel at the appellate stage, it is not required that counsel provide "the presentation of all issues on appeal that may have merit, and [the court] must accord [ ] counsel the presumption that he decided which issues were most likely to afford relief on appeal." Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008) (quotation marks and citations omitted). Consequently, it is difficult to demonstrate an ineffective assistance of counsel claim based on counsel's failure to raise a particular claim on direct appeal. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id.

### a. Ground 1

In Ground 1, Petitioner argues that Truslow should have objected to Government witness John Riley's in-court identification of the Petitioner. Doc. #193 at 11-12. Specifically, Petitioner argues that Riley's in-court identification of Petitioner should have been suppressed because it rested on one photograph provided by law enforcement two weeks before trial and thus lacked a sufficient indicia of reliability. Id. at 12. However, the Petitioner's claim is without merit.

As an initial matter, Petitioner fails to show that he was prejudiced by Truslow's performance. Riley was not a witness to the activity for which Petitioner was convicted; rather, Riley testified about his connection to a firearm used in a robbery for which the Petitioner was not convicted. See Doc. #107. Furthermore, Riley testified that his in-court identification of Petitioner was based, not on a photograph shown to him by the Government, but on his first-hand interactions with Petitioner. Id. Thus, the record reflects that Riley's testimony was appropriately

7

admitted, and further, that any objection by Truslow to Riley's testimony would have been meritless.

Additionally, Truslow engaged in extensive cross-examination of Riley. Such cross-examination substantially lessened any danger presented by law enforcement's procedures in this case. See Simmons v. United States, 390 U.S. 377, 384, (1968) ("The danger that use of [initial identification by photograph] may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error."). As a result, Truslow's performance relating to Riley's in-court identification cannot be characterized as unreasonable.

In conclusion, the Court finds that Truslow's conduct at trial and on appeal was neither unreasonable nor prejudicial. As a result, Counsel's efforts were sufficient to meet the Strickland standard and the standard for appellate counsel. Accordingly, Petitioner is not entitled to relief on this ground.

      **b. Ground 2**

In Ground 2, Petitioner argues that Truslow was ineffective for failing to object to the Court's jury instructions regarding the Petitioner's "use" of a firearm. In support, the Petitioner cites to Bailey v. United States, 516 U.S. 137 (1995), in which the Supreme Court held that to show "use" of a firearm, the Government must provide evidence that the defendant actively employed the firearm. In this case, the jury instructions explain that "use" requires more than passive or constructive possession; rather, the instructions state that "use requires active employment of the firearm." Doc. #94 at 23. As a result, any objection to the instructions pursuant to Bailey would have been meritless. Accordingly, Truslow's conduct at trial and on appeal was neither unreasonable nor prejudicial, and Petitioner's claim is without merit.

8

To the extent Petitioner argues that the Government failed to offer sufficient evidence that Petitioner actively employed a firearm, Petitioner's argument also fails. The Government offered the testimony of a number of witnesses, including Petitioner's co-defendant, from which the jury could find that Petitioner actively employed a firearm. See Doc. #108 at 118. Furthermore, the Fourth Circuit has already affirmed the sufficiency of the evidence to sustain Petitioner's convictions. United States v. McClam, 417 F. App'x 281, 282 (4th Cir. 2011). Thus, Petitioner's claim is without merit.

### c. Ground 3

In Ground 3, Petitioner alleges that Truslow was ineffective for failing to appeal the Court's upward departure based on Petitioner's acquitted conduct. This claim is entirely without merit. As Truslow points out in his affidavit, Doc. #200 at 2, and as is reflected by the Fourth Circuit opinion, the upward departure based on the acquitted and uncharged conduct was the gravamen of Petitioner's appeal. See McClam, 417 F. App'x at 282. In reviewing this issue, the Fourth Circuit noted that "[t]he district court found, by a preponderance of the evidence, that an upward departure was warranted because [Petitioner] had participated in numerous other robberies and shot two people during the course of those robberies." Id. at 283. The Fourth Circuit concluded that "the evidence amply supported the district court's finding," and thus that "its decision to depart or vary was reasonable." Id. As a result, Petitioner's claim is clearly without merit and Truslow's conduct did not fall below the Strickland standard.

### d. Grounds 4 and 5

In Grounds 4 and 5, Petitioner claims Truslow was ineffective for failing to investigate potential Government witnesses, "prospective witnesses," other "exculpatory impeachment

9

materials and evidence," and whether certain witnesses were threatened, intimidated, and coerced. These claims are without merit.

In Ground 4, Petitioner specifically claims that at least one government witness – Kiata Howard – did not want to testify because "the information provided was lies, coached by the Government." Doc. #193 at 22, 24-25. However, Petitioner offers only conclusory statements and no evidence to support this claim. Furthermore, Petitioner fails to show that Kiata Howard's testimony prejudiced him: her testimony made up only a small part of the Government's case, and furthermore, she testified regarding an incident for which Petitioner was not indicted or convicted. Finally, Truslow engaged in thorough cross-examination at trial, questioning Kiata Howard extensively about her involvement and her motivations to testify, and indicating that he had thoroughly investigated her background and the facts behind her testimony. See Doc. #107. As a result, the Court concludes that Truslow's conduct with regard to Kiata Howard was neither unreasonable nor prejudicial. Accordingly, Petitioner's claim is without merit.

Petitioner also names three witnesses – Travis Hickman, Cierra Thomas, and Randy Wells, who Petitioner claims would have testified on his behalf – and argues that Truslow's failure to investigate these witnesses constituted ineffective assistance. However, Truslow indicates that he and Petitioner decided not to present a defense or any witnesses. Doc. #200 at 2. Consistent with this statement, Petitioner indicated at trial that he understood his right to present evidence in his defense; yet, at no point did he seek to exercise this right. See Doc. #108 at 124-25. Thus, Truslow's conduct with regard to these three witnesses cannot be characterized as unreasonable.

Furthermore, Petitioner fails to show that he was prejudiced by Truslow's performance with regard to these witnesses. While Petitioner has provided affidavits from Sierra McClam and

10

Travis Hickman, neither the affidavits nor Petitioner's motion provide information to indicate that the absence of these witnesses prejudiced Petitioner's case. For example, the affidavits do not provide evidence that would tend to exonerate Petitioner from the crimes charged. Moreover, regarding the third witness, Randy Wells, Petitioner provides only conclusory assertions as to the substance of his testimony; there is no affidavit or statement from Wells to support these assertions. Also, contrary to Petitioner's claim, Hickman indicates in his affidavit not that he was *prevented* from testifying by Antoine Howard's assault, but rather that he was simply never contacted to testify. Accordingly, the Court concludes that Truslow's conduct with regard to presenting a defense and investigating witnesses was neither unreasonable nor prejudicial. Thus, Petitioner's claims on this matter are without merit.

Petitioner's allegations in Ground 5 are also unsupported. To the extent Ground 5 reiterates the claims raised in Ground 4, those claims have already been addressed. To the extent Ground 5 asserts new claims, Petitioner's mere conclusory allegations that Truslow failed to investigate witnesses and evidence, without any concrete allegations, fail to provide any basis for relief. (See Wells v. Petsock, 941 F.2d 253, 259 (3d Cir. 1991) ("Absent some allegation of prejudice to the defense-for example, the destruction of exculpatory physical evidence or the loss of a key defense witness during the period of delay-such a claim is facially untenable."). Petitioner's vague allegations that Truslow should have done more, without alleging any details, do not raise a viable claim. Thus, Petitioner's Ground 5 is without merit.

  e. **Ground 6**

In Ground 6, Petitioner asserts that joinder of the offenses in this case was prejudicial and thus that Truslow was ineffective for failing to move for severance. Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]he indictment ... may charge a defendant in

11

separate counts with [two] or more offenses if [1] the offenses charged ... are of the same or similar character, ... [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). The Fourth Circuit interprets the final two prongs of this rule flexibly, "requiring that the joined offenses have a 'logical relationship' to one another. Id. Furthermore, "[a]n error involving misjoinder affects substantial rights and requires reversal *only* if the misjoinder results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." United States v. Blair, 661 F.3d 755, 769 (4th Cir. 2011).

Here, the offenses joined clearly involve a common scheme and logical relationship. Each offense was a robbery, and in each case Petitioner (1) concealed his face with some type of clothing; (2) robbed a gas station; (3) acted late at night or early in the morning; (4) targeted the cash register and safe; and (5) used a firearm. Furthermore, the interests of judicial economy were significantly in play in this case, as joinder permitted witnesses to provide information regarding multiple counts at one trial. As such, the record indicates that, as Truslow believed, severance was not appropriate. See Doc. #200 at 2. Accordingly, the Court concludes that Truslow's conduct with regard to severance was neither unreasonable nor prejudicial, and Petitioner's claims on this matter are without merit.

### f. Ground 7

In Ground 7, Petitioner claims that (a) Truslow was ineffective for failing to object to "other bad acts evidence," and (b) that Petitioner's Fifth Amendment rights were thus violated. Specifically, Petitioner argues that "testimony about a shooting in the leg, on a completely different occasion from the alleged crimes, does not fit into the intrinsic category evidence and should not have been admitted." Doc. #193 at 30. While Petitioner does not clearly articulate

which shooting he refers to, one incident – which perhaps best matches the Petitioner's description – involved a victim shot in the leg for throwing up in a car. See Doc. #169 at 22.

This "shooting" and the resulting 2006 conviction for Assault and Battery of a High and Aggravated Nature was referenced only at paragraph 52 of the presentence investigation report and at sentencing. See Docs. #117, 169. Notably, this incident does not appear in the trial record, and when it was raised at sentencing, it was disputed by Truslow. See Doc. #169 at 23. The Petitioner does not reference the use of this prior shooting conviction in the transcript of the trial. Again, the Court finds nothing in the trial record to indicate this "shooting" incident was before the jury.

Nor is the Petitioner entitled to relief based on the use of the incident in the Petitioner's presentence report. It is well-established in the Fourth Circuit that "the traditional rules of evidence are not applicable to sentencing proceedings," and that "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). Thus, the incident was properly put before the Court at sentencing. Moreover, Petitioner's sentence was based on other instances of conduct connected to the robberies rather than this particular isolated incident. See Doc. #169 at 36-46. Given Truslow's conduct and the futility of objecting to the Government's proper mention of this incident at sentencing, the Court finds that Petitioner has not met the two Strickland prongs to show ineffective assistance.

To the extent Petitioner refers to a different shooting than the incident discussed above, each shooting mentioned at trial was clearly connected to the charges set forth in the indictment. See Doc. #169. These shootings were intrinsic in that they provided "context relevant to the

13

criminal charges," and thus they were properly referenced at trial. United States v. Cooper, 482 F.3d 658 (4th Cir. 2007). Nor can it be concluded that the evidence violated Federal Rule of Evidence 403: the shootings provided evidence of a common scheme or plan, were highly probative, and were not so unfairly prejudicial that it would excite a jury to "irrational behavior." As a result, the Petitioner's claim regarding the shootings is without merit.

Petitioner also asserts that his Fifth Amendment rights were violated because "he never took the stand." Doc. #193 at 30. However, it is the Fifth Amendment that *provides* the right to remain silent and avoid the stand, and thus Petitioner's own statement indicates his rights were protected. The Petitioner was in no way forced or coerced to remain silent, and as noted above, the Petitioner was offered the opportunity to offer a defense. Thus, this claim clearly fails.

### g. Ground 8

In Ground 8, Petitioner asserts that the District Court erred "when it relied upon rehabilitative sentencing factors" at sentencing. However, Petitioner's claim is without a factual basis. The record reflects that Truslow, not the Government, raised the matter of rehabilitation: Truslow sought a downward departure at resentencing based on Petitioner's alleged rehabilitation. Doc. #169 at 14, 19-20. At sentencing, the Court considered the motion for a downward departure based on Petitioner's alleged rehabilitation. However, the Court denied the motion, noting the Petitioner's serious conduct. Doc. #169 at 36. The Court's upward departure, on the other hand, was based not on Petitioner's rehabilitation but on charged and uncharged conduct. See Doc. #169 at 36-46. As a result, the Court concludes that Petitioner's claim that the Court erred in considering rehabilitative conduct is without merit. Furthermore, Petitioner's allegation that Truslow provided ineffective assistance by failing to object and to raise the issue at appeal likewise fails.

### h. Ground 9

In Ground 9, Petitioner alleges that an enhancement was improperly applied because it resulted in impermissible double counting and violated U.S.S.G. Amendment 599. It is not clear precisely which enhancement Petitioner challenges because his memorandum cites to three different guideline sections: § 2K2.1(b)(5) and (6); § 2K1.1(b)(1); and 2D1.1(b)(1). See Docs. #186-1 at 2, 193 at 32. However, regardless of which section Petitioner intended to cite, none of these sections were applied in this case. See Doc. #117. Petitioner further cites United States v. Goines, 357 F.3d 469 (4th Cir. 2004), arguing that like the defendant in Goines, he was subjected to an improper enhancement under § 2D1.1(b)(1). However, again, Petitioner did not receive a § 2D1.1(b)(1) enhancement, and so Goines is also inapplicable to this case. As noted previously, the Court's upward departure procedure was fully explained at sentencing and was based on Petitioner's charged and uncharged conduct. As a result, Petitioner's claim that Truslow provided ineffective assistance with regard to inapplicable and irrelevant guideline provisions is without merit.

### i. Ground 10

In Ground 10, Petitioner urges that he was improperly enhanced with multiple gun enhancements when "only one weapon was allegedly used." Doc. #193 at 24. He further argues that his attorney provided ineffective assistance by failing to object to these enhancements and by failing to raise the matter on appeal. Id. Petitioner's claim is entirely without merit.

Petitioner is incorrect that multiple gun enhancements were applied to his sentence. See Doc. #117. Rather, as already discussed at length, the Court upward departed based on acquitted and uncharged conduct. As the Court noted at sentencing, and as affirmed by the Fourth Circuit on appeal, the evidence amply supported the Court's decision to upward depart based on

Petitioner's participation in numerous other robberies and his violent conduct in shooting two people during the course of those robberies. See Doc. #169 at 36-46, United States v. McClam, 417 F. App'x 281, 282 (4th Cir. 2011). As a result, Petitioner's claims that his sentence was improperly enhanced and that Truslow was ineffective in this matter is without merit,

### j. Ground 11

Petitioner next asserts that Truslow was ineffective for failing to object to the "aiding and abetting" instruction. Doc. #193 at 36. Because the indictment charged Petitioner as the principal offender, Petitioner argues that the Court improperly varied from the indictment in instructing the jury on aiding and abetting. Id. Petitioner's argument is without merit.

It is well-established in the Fourth Circuit that an aiding and abetting instruction does not amount to a constructive amendment of the indictment. United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003)("In all events, a conviction under 18 U.S.C. § 2 [aiding and abetting statute] may be obtained although the defendant was not indicted under § 2."). Where evidence at trial supports an aiding and abetting theory, the court may instruct the jury even though the indictment charges the defendant as a principal. See United States v. Horton, 921 F.2d 540, 544-45 (4th Cir. 1990); United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969). To be convicted under an aiding and abetting theory, the Government must prove that the defendant knowingly associated himself with and participated in the criminal venture. See Horton, 921 F.2d at 543. Thus, if the evidence indicates that the defendant knowingly associated himself with and participated in the criminal venture, an aiding and abetting instruction is appropriate.

The jury instructions in this case outline aiding and abetting as an alternative theory to the firearm counts charged in the indictment. Because the evidence in this case indicated that Petitioner committed the charged robberies with a co-defendant, and because the co-defendant

alone possessed the firearm at least at some points during the course of the robberies, the evidence supported an aiding and abetting instruction with regard to the firearm counts. See Doc. #169 at 36-46. As a result, objections to the instruction would have been without merit and would have been overruled. Thus, Truslow's conduct with regard to the aiding and abetting instruction was neither unreasonable nor prejudicial, and Petitioner's claim is without merit.

### k. Ground 12

In Ground 12, Petitioner argues that Truslow was ineffective for failing to request a Pinkerton instruction during jury instructions. Doc. #193 at 38. The Pinkerton doctrine provides that a co-conspirator may be held vicariously liable for the reasonably foreseeable substantive offenses committed by other co-conspirators in furtherance of the conspiracy. See United States v. Chorman, 910 F.2d 102, 111 (4th Cir. 1990); Pinkerton v. United States, 328 U.S. 640 (1946). However, Petitioner was not charged with a conspiracy count; rather, Petitioner was charged with five substantive counts of robbery (Counts 1, 3, 5, 7, and 9), and five substantive firearms counts (Counts 2, 4, 6, 8, and 10). Doc. #14. As a result, there was no basis for a Pinkerton instruction in this case, and request for such an instruction would have been meritless. Moreover, because a Pinkerton instruction permits the jury to tie one conspirator's actions to another, it is entirely unclear how such an instruction would have benefited Petitioner in the first place. As a result, Truslow's conduct with regard to this matter was neither unreasonable nor prejudicial, and Petitioner's claim fails.

### l. Ground 13

In Ground 13, Petitioner argues that Truslow was ineffective for failing to request suppression of a witness's testimony and for failing to seek a "Holley-Telfaire" instruction. See Docs. #186-1 at 3, 193 at 13. Specifically, Petitioner argues that Government witness Riley's in-

17

court identification of the Petitioner was so uncertain that it resulted in a "likelihood of misidentification." Doc. #193 at 14. Thus, Petitioner argues that a cautionary instruction was necessary.

The so-called "Holley-Telfaire" instruction has its basis in the cases of <u>United States v. Holley</u>, 502 F.2d 273 (4th Cir. 1974), and <u>United States v. Telfaire</u>, 469 F.2d 552 (D.C. Cir. 1972). In <u>Holley</u>, the Fourth Circuit was concerned with the possibility of mistake where the only evidence consists of one-on-one identification. See <u>United States v. Revels</u>, 575 F.2d 74, 76 (4th Cir. 1978) (citing <u>Holley</u>, 469 F.2d 552). <u>Holley</u> involved a bank robbery trial where one witness was unable to identify the defendant from his photograph but four months later picked him out from a group of ten prisoners and still later made an in-court identification. <u>Id.</u> Given those facts, the Fourth Circuit approved use of the model instruction from <u>Telfaire</u>. <u>Id.</u> "The rule in Holley was not an absolute rule requiring per se adherence thereto, but was stated flexibly since '(d)ifferent factual situations obviously call(ed) for different degrees of particularity.'" <u>Revels</u>, 575 F.2d at 75-76 (citing <u>Holley</u>, 502 F.2d at 277).

The <u>Holley</u> decision provides additional guidance to district judges, stating that:

> In deciding whether to permit a criminal case to go to the jury, where identification rests upon the testimony of one witness, the district judge ought to consider with respect to identification testimony the lapse of time between the occurrence of the crime and the first confrontation, the opportunity during the crime to identify as compared with the opportunity of other witnesses who may be unable to do so, the reasons, if any, for failure to conduct a line-up or use similar techniques short of line-up, and the district judge's own appraisal of the capacity of the identifying witness to observe and remember facial and other features. In short, the district judge should concern himself as to whether the totality of circumstances 'gives(s) rise to a very substantial likelihood of irreparable misidentification.'

502 F.2d at 275. Furthermore, the Fourth Circuit noted that "[i]n adopting the Telfaire rule, we do so… in the context of a case that contains no evidence of identification except eyewitness testimony." <u>Id.</u>

18

Holley does not apply to this case because significant amounts of evidence besides Riley's testimony contributed to the Government's case against Petitioner. The evidence included, for example, testimony from David Kohn and Antoine Howard, who participated in the June 19, 2005 robbery and implicated Petitioner as a participant. Doc. #106 at 74-85, 184-86. In addition, surveillance footage of the incident was played for the jury. Id. at 84. As a result, given the variety and volume of evidence provided against the Petitioner, a Holley-Telfaire instruction was not appropriate in this case. Accordingly, Truslow's conduct with regard to this matter was neither unreasonable nor prejudicial, and Petitioner's claim is without merit.

### m.  Ground 14

Although not alleged in his initial § 2255 petition, Petitioner asserts in his response in opposition to the Government summary judgment motion that his mandatory minimum sentence was improperly increased in violation of the rule set out in Alleyne v. United States, 133 S. Ct. 2151, (2013). The Court considers this argument as Ground 14. However, Alleyne offers the Petitioner no relief. Petitioner was sentenced on August 11, 2011, and Alleyne, which was decided on June 17, 2013, has not been made retroactive on collateral appeal. See Bostic v. United States, 4:13-CV-02134-TLW, 2014 WL 172506 (D.S.C. Jan. 15, 2014). As a result, Petitioner's assertions pursuant to Alleyne are without merit.

## CONCLUSION

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, Doc. #186, is **DENIED**. The Government's motion for summary judgment, Doc. #202, is **GRANTED**; and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>Chief United States District Judge

October 16, 2014
Columbia, South Carolina